UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST E. FORD,

    Petitioner,

v.

                                    Criminal Case No. 14-20192
                                    Honorable Linda V. Parker

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF NO. 32) AND (2) GRANTING THE GOVERNMENT'S MOTION TO DISMISS (ECF NO. 36)

On November 6, 2014, Petitioner Ernest E. Ford pleaded guilty, without a Rule 11 Agreement, to Receipt of Child Pornography and Possession of Child Pornography. On May 5, 2015, Ford was sentenced to two consecutive 78-month terms, totaling a 156-month sentence. (ECF No. 31.) On May 11, 2015, the Court entered its judgment in this case. (ECF No. 31.) Presently before the Court is Petitioner's Motion to Vacate filed February 19, 2019, coming three years after the statutorily mandated one-year limitations period for filing motions to vacate, pursuant to 28 U.S.C. § 2255(f). (ECF No. 32.)

In response to Petitioner's motion, the Government filed a Motion to Dismiss Petitioner's Motion to Vacate. (ECF No. 36.) The Government argues

that Petitioner's motion is untimely and, therefore, should be dismissed. Indeed, § 2255 mandates that motions to vacate are filed within one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). When there is no direct appeal, the one-year period begins upon the expiration of the period in which the defendant could have appealed, which is fourteen days. Fed. R. App. P. 4(b)(1)(A)(i); *see Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

In this case, there was no direct appeal; thus, the one-year limitations period began on May 25, 2015 and ended on May 25, 2016, almost three years before Petitioner's Motion to Vacate was filed. Petitioner stated in his motion that he has been hospitalized for the past three years and unable to access the courts. (ECF No. 32.) Petitioner, however, has not provided a sufficient explanation as to how and to what extent his hospitalization prevented him from filing his motion. Regardless, to overcome a time bar, Petitioner is required to show that illegal or unconstitutional government action prevented him from filing his motion. 28 U.S.C. § 2255(f)(2). Petitioner has not made that showing, neither has he claimed such or alleged facts upon which the Court could infer such. Therefore, the Court denies Petitioner's Motion to Vacate and grants the Government's Motion to Dismiss.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion to Vacate (ECF No. 32) is **DENIED**; and

**IT IS FURTHER ORDERED,** that the Government's Motion to Dismiss (ECF No. 36) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 21, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 21, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager